William R. Fix, WSB #5-1908
**Fix Law Office**
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| REID RASNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-CV-00343 |
| | ) | |
| FP1 STRATEGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Reid Rasner, through undersigned counsel, and for his *Complaint* against Defendant FP-1 Strategies, LLC, states and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action rising out of Defendant's breach of a services agreement under which Defendant FP1 Strategies, LLC (hereinafter sometimes referred to as "Defendant" or "Defendant FP1), agreed to provide campaign management, campaign, consulting, strategic, and related services to Plaintiff Reid Rasner in connection with Plaintiff's candidacy for Wyoming's sole United States congressional seat in 2026.

2. Plaintiff Reid Rasner entered into the agreement in good faith and reliance upon the Defendant to fully and faithfully perform the services required by the agreement.

3. Plaintiff paid Defendant large sums of money to perform the contract which was drafted by Defendant.

4. Defendant's wrongful conduct deprived Plaintiff of the benefit of the bargain and caused Plaintiff significant financial damages, well in excess of the minimum controversy requirement in this court. Plaintiff's damages are set forth in detail below.

5. Defendant also breached the implied covenant of good faith and fair dealing by failing to act consistently with Plaintiff's reasonable expectations and by engaging in conduct which frustrated the purposes of the contract.

6. Alternatively, Defendant has been and will be unjustly enriched if allowed to keep the money paid by Plaintiff.

## II. PARTIES

7. Plaintiff Reid Rasner is a 4th generation Wyoming native and a citizen of the State of Wyoming. He campaigned unsuccessfully for the United States Congress in 2026.

8. Defendant FP1 Strategies, LLC, is a limited liability company organized under the laws of the Commonwealth of Virginia and a citizen of Virginia for diversity purposes.

9. Complete diversity of citizenship exists between the parties as none of the members of FP1 Strategies, LLC, is a Wyoming citizen.

## III. JURISDICTION AND VENUE

10. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

11. The amount in controversy exceeds $75,000.00 based upon the amounts paid by Plaintiff to Defendant of the sum of $2,232,527.82.

12. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the acts, omissions and events complained of occurred within the district of Wyoming.

## IV. FACTUAL BACKGROUND

13. On or about December 31, 2025, Plaintiff entered into a written contract with Defendant.

14. Under the agreement Defendant undertook to provide services to Plaintiff in the nature of campaign management, political strategy, campaign funding, and other related services in pursuit of the US congressional seat for Wyoming:

(a) campaign strategy and planning;

(b) political consulting and advice;

(c) campaign management and coordination;

(d) communications, messaging, and related services;

(e) coordination with vendors, consultants, and other campaign personnel; and

(f) other services specified in the agreement.

16. Plaintiff reasonably understood that Defendant would comply with the terms of the contract and perform the required services in good faith and with the intention of benefiting Plaintiff.

17. Defendant failed to do so.

18. Of note, Defendant did not utilize its best efforts to promote Plaintiff's campaign, provide quality and valuable advice and strategy, effectively coordinate with vendors and media, or generate media in the quantity or quality reasonably expected by Plaintiff.

19. Instead, Defendant regularly failed to communicate with Plaintiff, provide Plaintiff requested advice and counsel, provide quality media for use in Plaintiff's campaign, or otherwise fulfill its obligations under the contract.

20. By way of example (and certainly not an exhaustive list of Defendant's breaches):

(a) Defendant engaged in improper and unauthorized backchannel communications with other individuals running in the same primary as Plaintiff;

(b) Defendant failed to hire a campaign manager following the sudden departure of the prior manager;

(c) Defendant failed to provide production crews for scheduled filming;

(d) Defendant failed to respond to emails, calls and text messages and had sporadic attendance at mandatory weekly strategy meetings.

21. Throughout the duration of the agreement, Plaintiff paid Defendant the sum of $2,232,527.82 for such services.

22. Plaintiff otherwise fully performed the terms of the contract. To the extent Defendant contends that additional funds are due under the contract, the repeated and severe breaches of the agreement by Defendant excused such requirements.

23. Plaintiff contacted Defendant and informed it that Plaintiff was unhappy with Defendant's services, such services did not meet the requirements of the contract, were not performed in good faith, and requested Defendant to address these breaches.

24. In response, Defendant either ignored Plaintiff or offered excuses and inaccurate accounts of events without accepting responsibilities for its clear failures and breaches of its obligations.

25. Further discussions between the parties would be futile and accordingly Plaintiff filed the instant suit.

## V. BREACH OF CONTRACT

26. Plaintiff incorporates the contents of paragraphs 1-25 as if fully set forth here.

27. The parties entered into a legally enforceable agreement whereby Plaintiff agreed to pay Defendant in exchange for receiving consulting and other services.

28. Defendant failed to provide those services and otherwise provided substandard services under the agreement.

29. Defendant's breaches of the contract include, but are not limited to, the following:

(a) failing to provide services as required by the contract;

(b) failing to complete campaign related services within the time required;

(c) failing to provide the level or scope of services Plaintiff contracted for; and

(d) breach of the confidentiality provision of the agreement.

30. These breaches caused Plaintiff damages, including all amounts paid under the contract, the expected benefits of those services, time and expense incurred consulting with Defendant, among other damages.

## VI. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff reincorporates the allegations contained in the foregoing paragraphs 1-30 as if fully set forth here.

32. The contract between Plaintiff and Defendant implies an obligation for each party to act in good faith in conducting all contract-related dealings.

33. At all times, Plaintiff acted in good faith in his performance of the contract and promptly paid Defendant all fees invoices for work purportedly performed under the contract.

34. Defendant did not act in good faith in the performance in its obligations. Indeed, Defendant provided substandard work in an untimely fashion that did not meet the needs or expectations of Plaintiff and failed to remedy such actions after receiving feedback from Plaintiff that the work did not meet his expectations.

35. Defendant's breach of the implied covenant of good faith and fair dealing caused Plaintiff damages including all amounts paid under the contract, the expected benefits of those services, time and expense incurred consulting with Defendant, among other damages.

## VII. UNJUST ENRICHMENT

36. Plaintiff reincorporates the allegations contained in the foregoing paragraphs, 1-35, as if fully set forth here.

37. Plaintiff and Defendant entered into a contract whereby Plaintiff agreed to pay Defendant in order to receive consulting and other services.

38. Plaintiff paid Defendant sums of money for which the Plaintiff did not receive any value.

39. Plaintiff paid money to Defendant in anticipation of receiving value, including campaign related services.

40. Defendant received and retained the benefit of those services, i.e., the monies paid by Plaintiff.

41. Defendant's retention of all amounts in excess of the value of services rendered, would unjustly enrich the Defendant at Plaintiff's expense.

42. This claim is plead in the alternative under Federal Rule of Civil Procedure 8(d)1-2 to the existence, scope, or application enforceability of the express contract does not preclude recovery of these amounts.

## VIII. DAMAGES

43. Plaintiff incorporates the allegations of paragraphs 1-42 as if fully forth here.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages including the following:

(a) the loss of payments made for services not performed;

(b) the reasonable value of contracted services that Defendant failed to perform;

(c) Plaintiff's time, effort, and energy expended seeking to have Defendant perform its obligations; and

(d) such other and further relief the Court may award including costs and attorney's fees.

## IX. PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

(a) Compensatory damages in an amount to be proven at trial;

(b) Damages resulting from Defendant's failure to fulfill its contractual obligations;

(c) Disgorgement of the sums by which Defendant has been unjustly enriched;

(d) Prejudgment and post-judgment interest;

(e) Costs of this action; and

(f) For such other and further relief as the Court deems just and proper.

DATED this 8th day of November, 2026.

*/s/ William R. Fix*
William R. Fix, W.S.B. #5-1908
Fix Law Office
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*